IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND,** *et al.*, | \* \* \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* Civil Action No. RWT 14-2353 |
| **NORTHSTAR FIRE PROTECTION, LLC,** *et al.*, | \* \* \* \* |
| Defendants. | \* \* \* |

**MEMORANDUM OPINION AND ORDER**

A Motion for Entry of Default Judgment (the "Motion") has been filed by the Plaintiffs, Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund (collectively "NASI Funds"), and Road Sprinkler Fitters Local Union No. 669 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (hereinafter "Local 669"). ECF No. 21. Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover delinquent payments from Settlement Agreements resulting from prior litigation over pension fund contributions from Northstar Fire Protection LLC, Northstar Fire Protection Inc., Northstar MSP, Inc., MSP Fire Inc., Northstar LLC, Northstar SFO Inc., Northstar CHI Inc., NPF of OKC LLC (collectively "Corporate Defendants"), R. Colin Barnett

and Sean P. Barnett (hereinafter the "Barnetts" and collectively with Corporate Defendants as "Defendants"). *Id.*; *see* 29 U.S.C. § 1002(3) (2012).

Plaintiffs filed their Complaint on July 23, 2014, ECF No. 1, and the Barnetts separately filed an Answer on October 31, 2014, ECF No. 19. None of the Corporate Defendants has responded, and the Barnetts described Northstar Fire Protection Inc. and Northstar Fire LLC as "in good standing" but without "any revenue since December 2013." ECF No. 19, at ¶ 2. The Clerk entered default against the Corporate Defendants on April 10, 2015. ECF No. 22. Corporate Defendants have not filed a response, and the time for doing so has passed. *See* Local Rule 105.2(a) (D. Md.). For the reasons stated herein, the Court shall grant the Motion and award Plaintiffs damages against the Corporate Defendants as enumerated below.

## BACKGROUND

The Barnetts have served as owners and managers for the Corporate Defendants for a number of years. ECF No. 19, at 2. Within that time, Local 669 and the Corporate Defendants entered into a Collective Bargaining Agreement ("CBA") that governed benefits, wages, and terms and conditions of employment. ECF No. 1, at 6. Since 2001, Defendants have employed members of Local 669 to perform work under the CBA, which consequently required Defendant contributions to the NASI Funds. *Id.* As the result of previous ERISA litigation over defaulted NASI Fund-contributions, Plaintiffs and Defendants entered into two Settlement Agreements: one in December 2012 for $750,000.00 ($500,000.00 owed to the NASI Funds and $250,000.00 owed to Local 669) subject to 10% interest per annum, and one in July 2013 for $25,000.00 owed to the NASI Funds. ECF Nos. 1-12, 1-15. Beginning in September 2013, Defendants ceased making payments on the 2012 Settlement Agreement, leaving an unpaid principal balance of $603,977.56. ECF No. 1, at 7. Defendants never made any payments on the 2013 Settlement

Agreement, leaving a full unpaid principal balance of $25,000. *Id.* at 8. Plaintiffs brought the present lawsuit seeking damages for the breach of both Settlement Agreements. *Id.* at 9.

## STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgment. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If, after entry of default, the plaintiff's complaint does not specify a "sum certain" amount of damages, the Court may enter a default judgment against the defendant pursuant to Rule 55(b)(2). In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). However, "liability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability." *Id.* The Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but finds that default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages. *See Ryan*, 253 F.3d at 780–81. The Court must make an independent determination regarding damages and cannot accept factual allegations of damages as true. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *See, e.g.*, *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). The Court may rely, instead, on affidavits or documentary evidence of record to determine the appropriate sum. *See Monge*, 751 F. Supp. 2d at 794–95.

## DISCUSSION

Almost a year has passed since Plaintiffs served the Complaint on Defendants, yet the Corporate Defendants have failed to plead or otherwise assert a defense. Therefore, the Court deems all of Plaintiffs' factual allegations against the Corporate Defendants in the Complaint not pertaining to damages as admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiffs moved for a default judgment on February 27, 2014, and Defendants still did not respond. ECF No. 21. The Court has discretion to grant default judgment when a defendant is unresponsive. *See* Fed. R. Civ. P. 55(a)–(b); *see also*, *Park Co. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper

because defendant had been properly served with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also*, *Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment).

For the reasons stated below, Plaintiffs are entitled to default judgment. No evidentiary hearing is necessary, as the declarations and other evidence of record, such as a delinquency calculation analysis and itemization of legal fees and costs, are adequate for determining the appropriate damages. *See* ECF Nos. 21-10, 21-11, 21-12, 21-13; ECF No. 1-14, at 3–4.

**I.     Default Judgment**

In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability. *See Ryan,* 253 F.3d at 780–81. Nevertheless, the Court must determine "whether the well-pleaded allegations . . . support the relief sought in this action." *Id.* at 780. Plaintiffs' allegations of defaulted payments support its cause of action under the Settlement Agreements, and thus the Court shall grant the Motion.

**II.    Damages**

Plaintiffs seek damages pursuant to Defendants' breach of the two Settlement Agreements and assert that the Corporate Defendants owe a total of $723,800.78 as follows: (1) $603,977.56 remaining pursuant to the 2012 Settlement Agreement; (2) $25,000.00 pursuant to the 2013 Settlement Agreement; (3) $85,384.22 in interest through February 28, 2015 pursuant to the 2012 Settlement Agreement; and (4) $8,529.00 for estimated attorneys' fees and costs ($7,619.00 in attorneys' fees and $910.00 in costs). ECF No. 21-1, at 2–4.

In support of their request for delinquent payments, Plaintiffs submitted the declaration of Shawn Broderick, trustee of the NASI Funds, ECF No. 21-4, as well as the 2012 Settlement Agreement, the 2013 Settlement Agreement, and an Affidavit for Confession of Judgment signed by the Barnetts regarding the 2012 Settlement Agreement, ECF Nos. 1-12, 1-15, 21-8. In support of their request for reasonable attorneys' fees and costs, Plaintiffs' counsel, Charles W. Gilligan and William W. Osborne Jr., both submitted declarations. ECF Nos. 21-5, 21-6; *see also* ECF Nos. 21-11, 21-12, 21-13 (itemizing each element under attorneys' fees and costs). The Court accepts the sworn representations of Broderick, Gilligan, and Osborne as to the remaining values of the settlement payments and attorneys' fees and costs and finds there is adequate evidence with respect to damages to make a hearing unnecessary. *See Monge*, 751 F. Supp. 2d at 794–96. For the reasons enumerated below and as of the date of the Motion, the Court awards judgment for Plaintiffs in the total amount of $714,361.78.

  **a)**   **Settlement Agreement**

In December 2012, Defendants entered into a Settlement Agreement allowing for the payment of $750,000 ($500,000 owed to the NASI Funds and $250,000 owed to Local 669), assessed at the rate of 10% per annum to be paid in twenty payments over a period of fifty-six months. ECF No. 1-12, at 3, 13. In July 2013, Defendants entered into another Settlement Agreement allowing for the payment of $25,000 (owed to the NASI Funds), to be paid in five payments over a period of six months. ECF No. 1-15, at 2, 5.

Broderick states in his declaration that he has personal knowledge of the Settlement Agreements at issue in this case, and that Defendants are in default for a principal balance of $603,977.56 on the 2012 Settlement Agreement by failing to make the quarterly payments due from September 30, 2013 onward. ECF No. 21-4, at 3. Broderick further confirms that

Defendants are in default for the full principal balance of $25,000.00 on the 2013 Settlement Agreement by failing to make any payments. *Id.* at 4. In accordance with the Settlement Agreements, Plaintiffs mailed a notice informing Defendants of the contractual breaches on January 7, 2014. *See* ECF No. 1-12, at 3–4; ECF No. 1-14. Defendants neither provided a response nor cured the default. After reviewing the evidence of record, the Court confirms that the appropriate amount of damages for Plaintiffs is $628,977.56 for delinquent principal payments under the terms of the two Settlement Agreements.

### b)   Accrued Interest

Plaintiffs are entitled to interest of 10% per annum on the principal balance of the 2012 Settlement Agreement, as acknowledged by Defendants' signed Affidavit for Confession of Judgment. *See* ECF No. 21-8 (declaring "in the event of a default of the Settlement Agreement by the Northstar Fire entities in the payment of any amount when due under the terms of the Settlement Agreement, interest will be assessed on any unpaid amount owed at the rate of 10% per annum until the entry of a judgment"); *see also* ECF No. 21-7, at 3 (quoting the Settlement Agreement as stating "with interest accruing on any outstanding principal balance at the rate of 10 percent (10%) per annum"). Broderick corroborates the 10% interest assessment and confirms the Motion's calculated interest at a value of $85,384.22 through February 28, 2015. ECF No. 21-4, at 3. After reviewing the evidence of record, the Court confirms that the appropriate amount of damages for Plaintiffs is $85,384.22 in interest.

### c)   Attorneys' Fees and Costs

In the United States, the general rule is that each party pays only their own attorney's fees, regardless of whether they win or lose. *See, e.g., Cook v. Nationwide Ins. Co.*, 962 F. Supp. 2d 807, 822 (D. Md. 2013) ("[C]osts of a suit do not, apart from statutory direction,

include the counsel fees of the successful party, and that attorneys' fees are not part of the costs of the suit, in the ordinary sense."). There are several exceptions to this rule, however, that depend on the type of case and the state in which the case is brought. The most common exceptions to the rule occur when a statute or contract specifically allows for the payment of attorneys' fees by the other side. In an ERISA action, a district court may award costs and reasonable attorneys' fees to either party under 29 U.S.C. § 1132(g)(1), so long as that party has achieved some relative degree of success on the merits. *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 634 (4th Cir. 2010). However, the legal basis for the present action is a breach of contract over a settlement agreement about an ERISA claim, not the ERISA claim itself. Therefore, unless Plaintiffs can point to a signed contract that requires Defendants to pay their attorneys' fees and costs, the Court cannot grant the award in this case.

Neither the 2012 Settlement Agreement nor the 2013 Settlement Agreement allows for an award of attorneys' fees and costs in this matter. ECF Nos. 1-12, 1-15. Plaintiffs state that they "have Judgment against the [Corporate Defendants] for costs of $910.00 and attorney's fees of [$7,619.00] pursuant to the terms of the . . . [Affidavit for] Confession of Judgment executed by the Defendants in December 2012." ECF No. 21-1, at 2–3. Yet, this document addresses only alleged attorneys' fees and costs that may result from the 2012 Settlement Agreement, not the 2013 Settlement Agreement, and Plaintiffs' counsel submitted declarations that allege only attorneys' fees and costs jointly for both Agreements. ECF Nos. 21-8, 21-5, 21-6. The Court, unable to separate the attorneys' fees and costs for which the parties contracted in the 2012 Settlement Agreement from those for which they did not contract in the 2013 Settlement Agreement, shall deny an award of attorneys' fees and costs in its entirety without prejudice to renew with the appropriate supporting documentation.

## CONCLUSION

For the reasons stated above, it is this 4th day of August, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiffs' Motion for Default Judgment (ECF No. 21) is hereby **GRANTED**; and it is further

**ORDERED**, that Judgment is hereby **ENTERED** in favor of Plaintiffs against Defendants Northstar Fire Protection LLC, Northstar Fire Protection Inc., Northstar MSP, Inc., MSP Fire Inc., Northstar LLC, Northstar SFO Inc., Northstar CHI Inc., and NPF of OKC LLC, jointly and severally in the amount of **$714,361.78**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE